**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Darrell Long,** | : | **Civil Action** |
| **Plaintiff** | : | **NO: ______________** |
| **v.** | : | |
| **City of Philadelphia and John Does 1–5,** | : | **Formerly Court of Common Pleas Trial Division—Civil May Term, 2022 No. 02552** |
| **Defendants.** | : | |
| | : | **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia, (hereinafter "petitioner"), through its counsel, Michelle V. Barone, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, petitioner states the following:

1. On May 27, 2022 the plaintiff initiated this action by Complaint in the Court of Common Pleas in Philadelphia, May Term, 2022; No. 220502552. (Exhibit "A.")

2. In Count VI of the Complaint, the plaintiff seeks relief against the petitioner pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States. (Id.)

3. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by the plaintiff, pursuant to 28 U.S.C. § 1331.

5. True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "B," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

6. In filing this Notice of Removal, the petitioner does not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Anne B. Taylor
Chief Deputy City Solicitor

BY: *_/s/ Michelle V. Barone_*

**Michelle V. Barone**
**Assistant City Solicitor**
**Attorney I.D. No. 318237**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5217

Date: June 25, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Darrell Long,** | : | **Civil Action** |
| **Plaintiff** | : | **NO: _______________** |
| **v.** | : | |
| **City of Philadelphia and John Does 1–5,** | : | **Formerly Court of Common Pleas Trial Division—Civil May Term, 2022 No. 02552** |
| **Defendants.** | : | |
| | : | **JURY TRIAL DEMANDED** |

**NOTICE OF FILING OF REMOVAL**

TO: Samuel A. Anyan, Esquire
WAPNER NEWMAN
1628 JFK Boulevard, Suite 800
Philadelphia, PA 19103
sanyan@wapnernewman.com

PLEASE TAKE NOTICE THAT on June 25, 2022 the defendant, City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Michelle V. Barone*
**Michelle V. Barone**
**Assistant City Solicitor**
**Attorney I.D. No. 318237**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5217

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Darrell Long,** | : | **Civil Action** |
| **Plaintiff** | : | **NO: ______________** |
| **v.** | : | |
| **City of Philadelphia and John Does 1–5,** | : | **Formerly Court of Common Pleas Trial Division—Civil May Term, 2022 No. 02552** |
| **Defendants.** | : | |
| | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Michelle V. Barone, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney on the date indicated below via email:

TO: Samuel A. Anyan, Esquire
WAPNER NEWMAN
1628 JFK Boulevard, Suite 800
Philadelphia, PA 19103
sanyan@wapnernewman.com

*/s/ Michelle V. Barone*
**Michelle V. Barone**
**Assistant City Solicitor**
**Attorney I.D. No. 318237**

Date: June 25, 2022

Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
MAY 2022
002552
E-Filing Number: 2205055723

| | |
|---|---|
| PLAINTIFF'S NAME<br>DARRELL LONG | DEFENDANT'S NAME<br>CITY OF PHILADELPHIA |
| PLAINTIFF'S ADDRESS<br>1334 SOUTH WILTON STREET<br>PHILADELPHIA PA 19143 | DEFENDANT'S ADDRESS<br>1515 ARCH STREET 14TH FLOOR<br>PHILADELPHIA PA 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOES |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>UNKNOWN<br>UNKNOWN PA UNKNOWN |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| | | |
|---|---|---|
| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>2 | COMMENCEMENT OF ACTION<br>☒ Complaint ☐ Petition Action ☐ Notice of Appeal<br>☐ Writ of Summons ☐ Transfer From Other Jurisdictions |

AMOUNT IN CONTROVERSY
- ☐ $50,000.00 or less
- ☒ More than $50,000.00

COURT PROGRAMS
- ☐ Arbitration
- ☒ Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAY 27 2022
S. GILLIAM

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DARRELL LONG

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>SAMUEL A. ANYAN | ADDRESS<br>8 PENN CENTER<br>1628 JOHN F. KENNEDY BOULEVARD<br>SUITE 800<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER<br>(215)569-0900<br>FAX NUMBER<br>(215)569-4621 | |
| SUPREME COURT IDENTIFICATION NO.<br>202503 | E-MAIL ADDRESS<br>SANYAN@WAPNERNEWMAN.COM |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*SAMUEL ANYAN* | DATE SUBMITTED<br>Friday, May 27, 2022, 10:01 am |

**WAPNER NEWMAN**
**BY: SAMUEL A. ANYAN, JR., ESQUIRE**
**sanyan@wapnernewman.com**
**ATTORNEY I.D. NO: 202503**
**1628 JFK Boulevard, Suite 800**
**Philadelphia, PA 19103**
**(215) 569-0900**

***Attorney for Plaintiffs***

**THIS IS A MAJOR JURY CASE. ASSESSMENT OF DAMAGES HEARING IS REQUIRED.**

Filed and Attested by the Office of Judicial Records 27 MAY 2022 10:01 am S. GILLIAM

| | |
|---|---|
| **DARRELL LONG**<br>1334 South Wilton Street<br>Philadelphia, PA 19143<br>**Plaintiffs,**<br>**vs.**<br><br>**CITY OF PHILADELPHIA**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>**-and-**<br>**JOHN DOES 1-5**<br>**Defendant.** | **IN THE COURT OF COMMON PLEAS**<br>**PHILADEPHIA COUNTY**<br><br>**MAY TERM, 2022**<br><br>**NO:** |

# CIVIL ACTION COMPLAINT

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PA 19107
TELEPHONE: (215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrite sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará mdidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE. SI NO TIENE ABOGADO O SINO TIENE EL DI-NERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEPHONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACIÓN** LEGAL
ONE READING CENTER
FILADELFIA, PA 19107
TELÉFONO: (215) 238-6333

**FACTS COMMON TO ALL PARTIES**

1. Plaintiff, Darrell Long, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above address.

2. Defendant, City of Philadelphia, is a municipality governed under the laws of the Commonwealth of Pennsylvania, with a registered place of business at the above captioned address.

3. At all times material hereto, defendant**,** John Doe (1-5), is an unknown individual/individual who was a Police Officer employed by the Philadelphia Police Department authorized to possess and use a firearm and rubber bullets under strict regulation and policy and procedure.

4. Defendant, John Doe is/was an employee of the City of Philadelphia and/or Philadelphia Police Department, who at all times relevant hereto was acting within the scope of his employment, and as such is a public employee.

5. At all times material hereto, defendants, City of Philadelphia and/or John Does, were acting by and through their agents, servants and/or employees, who were then and there acting in the course and scope of their employment with Philadelphia and/or John Does, under their control and/or right of control.

6. At all times material hereto, defendants, City of Philadelphia and/or John Does, were principals, workmen and/or employees were at all times responsible to provide screening, selection, hiring, management, supervision, re-hiring, training, re-training, investigation of complaints against, disciplining, and retraining the defendants City of Philadelphia and/or John Does.

7. On or around May 31, 2020 Plaintiff was lawfully present at around the corner of 52nd and Chestnut Street, in Philadelphia, Pennsylvania.

8. Mr. Long was not in the commission of a crime.

9. At the same time and place aforementioned, Plaintiff was intentionally, knowingly, wantonly, willfully and maliciously shot three (3) times with rubber bullets while lawfully standing at the corner of 52nd and Chestnut Street by John Doe(s), a Philadelphia Police Department Officer.

10. Mr. Long was not arrested or charged for committing a crime subsequent to him being shot.

11. It is believed and therefore averred that all of the responsibilities as aforesaid were well within the scope of the responsibilities undertaken by defendants as part of its policing of the aforementioned place.

12. The aforementioned accident was caused by the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, their agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

13. As a result of the aforementioned, plaintiff, Darrell Long, sustained multiple injuries, including, but not limited to, chest abrasion, left forearm abrasion and laceration of the right wrist that was surgically repaired; sever contusion of right wrist; right wrist pain, as well as other injuries to his back, lungs, cells, tissues, nerves, muscles and functions; and shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

**COUNT II – NEGLIGENT SUPERVISION AND TRAINING**
**PLAINTIFF DARRELL LONG V. DEFENDANT CITY OF PHILADELPHIA**

14. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

15. The negligent and/or reckless conduct of defendant City of Philadelphia, includes but is not limited to, *inter alia*, the following:

Negligently hiring defendant-officer John Does(s);

b. Negligently supervising defendant-offer John Doe(s);

c. Negligently retaining defendant John Doe(s) as an employee;

d. Negligently training defendant John Doe(s);
a. Failing to train defendant officer John Doe to conduct appropriate threat assessment;

e. Failing to train defendant-officer on lawful use of force pursuant to 18 PA Cons Stat § 508.

f. Failing to adopt, enforce, and/or follow adequate policies and procedures for the protection and reasonable supervision of members of the public, including, but not limited to plaintiff;

g. Alternatively, failing to implement and comply with such policies and procedures that has been adopted;

h. Failing to exercise due care under all circumstances;

16. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff, Darrell Long, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in her daily routine.

17. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has undergone great physical pain

and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

18. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

19. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has suffered an injury which is permanent, irreparable and severe.

20. As a result of the conduct described above and below, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

21. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

22. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of the arbitration limits, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**COUNT III – RESPONDEAT SUPERIOR**
**PLAINTIFF DARRELL LONG V. DEFENDANT CITY OF PHILADELPHIA**

23. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

24. Defendant City of Philadelphia is liable for the negligence of defendant-officer John Doe under the Doctrine of Respondeat Superior and vicarious liability.

25. At all times material hereto, defendant City of Philadelphia employed defendant-officer John Doe, and through that employment had general responsibilities and duties to the public, including to plaintiff Darrell Long.

26. Said duties and responsibilities were breached as a result of the conduct of defendant-officer John Doe, agent and employee of defendant City of Philadelphia.

27. At all times material hereto, defendant City of Philadelphia held supervisory positions over defendant defendant-officer John Doe(s).

28. Because of their supervisory position over defendant-officer John Doe(s), defendant City of Philadelphia had general supervisor responsibilities and duties to plaintiff, Darrell Long.

29. Said responsibilities and duties were breached as a result of the conduct of defendant defendant-officer John Doe(s), and his indifference to same.

30. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff, Darrell Long, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of

physicians, hospitalization and medication and has been and will in the future continue to be hampered in his daily routine.

31. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

32. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

33. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has suffered an injury which is permanent, irreparable and severe.

34. As a result of the conduct described above and below, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

35. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if he had not been so grievously injured.

36. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of the arbitration limits, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**COUNT IV – ASSAULT AND BATTERY**
**PLAINTIFF DARRELL LONG V. DEFENDANT JOHN DOES AND CITY OF PHILADELPHIA**

37. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

38. At the time and place aforementioned, defendant defendant-officer John Doe(s), without any provocation or cause, shot plaintiff with rubber bullets.

39. The assault and battery committed by defendant upon the plaintiff was unprovoked and in no matter whatsoever due to any act or failure to act on the part of the plaintiff.

40. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff, Darrell Long, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization, surgery and medication and has been and will in the future continue to be hampered in his daily routine.

41. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has undergone great physical pain

and mental anguish, and he will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

42. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

43. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has suffered an injury which is permanent, irreparable and severe.

44. As a result of the conduct described above and below, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

45. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

46. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of the arbitration limits, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**COUNT V – UNREASONABLE AND EXCESSIVE FORCE IN VIOLATION OF 18 PA CONS STAT § 508.**
**PLAINTIFF DARRELL LONG V. DEFENDANT JOHN DOES AND CITY OF PHILADELPHIA**

47. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

48. At the time and place aforementioned, defendant-officer John Doe(s), without any provocation or cause, shot plaintiff with rubber bullets in violation of 18 PA Cons Stat § 508.

49. The violation of 18 PA Cons Stat § 508 committed by defendant upon the plaintiff was unprovoked and in no matter whatsoever due to any act or failure to act on the part of the plaintiff.

50. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff, Darrell Long, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization, surgery and medication and has been and will in the future continue to be hampered in his daily routine.

51. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

52. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has become obliged to expend and/or

incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

53. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has suffered an injury which is permanent, irreparable and severe.

54. As a result of the conduct described above and below, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

55. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

56. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendant herein, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of the arbitration limits, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**COUNT VI - VIOLATIONS PURSUANT TO 42 U.S CODE § 1983 – Excessive Force**

57. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

58. At all times relevant, defendant defendant-officer John Doe(s) was acting as an agent or employee of defendant City of Philadelphia and is being sued in his individual and official capacity.

59. The shooting of Mr. Long at the hands of Officer John Doe(s) was objectively unreasonable given the totality of the circumstances.

60. For example, (1) all other reasonable means of apprehension had not been exhausted, (2) the use of rubber bullets was not necessary to prevent the commission of a crime. Mr. Long was not in the commission of a crime.

61. Defendant City of Philadelphia, along with their employee identified herein, acting in concert under color of state law, denied plaintiff Long of his rights under the Fourteenth Amendment to the United States Constitution, including his right to personal security and bodily integrity, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

62. Defendant's policies and customs, their inadequate training, inadequate screening during the hiring process and/or their failure to adopt policies encouraged and allowed defendant John Doe(s) - officer to believe he could violate the Rights of plaintiff Long with impunity and with the explicit or tacit approval of the City of Philadelphia.

63. As such, defendant City of Philadelphia was deliberately indifferent and reckless with respect to the violation of plaintiff Long's rights pursuant to 42 U.S.C. § 1983.

64. Defendant City of Philadelphia's policies and customs, their inadequate training, inadequate screening during the hiring process and/or their failure to adopt policies were a direct and proximate cause of plaintiff Long's injuries and damages described above.

65. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff, Darrell Long, was caused to sustain

and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication and has been and will in the future continue to be hampered in her daily routine.

66. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

67. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

68. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has suffered an injury which is permanent, irreparable and severe.

69. As a result of the conduct described above and below, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

70. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of herself, if he had not been so grievously injured.

71. As a direct and proximate result of the careless, negligent, reckless, outrageous and/or intentional conduct of the defendants herein, plaintiff has incurred associated incidental expenses for which the defendants are liable.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of $75,000, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**COUNT VII**

**ALL PLAINTIFFS v. DEFENDANTS, JOHN DOES 1-10; JANE DOES 1-10; ABC CORPORATIONS 1-10; ABC PROFESSIONAL ASSOCIATIONS 1-10; ABC PARTNERSHIPS 1-10; AND XYZ INSTITUTIONS 1-10**

72. Plaintiff incorporates herein by references all allegations contained in the above paragraphs and throughout the Complaint as if same were fully stated herein at length.

73. Plaintiffs prey leave of Court to seasonably amend this Complaint and name the true identifies of the John Does, if and when their true identifies and roles in the within matter are ascertained by plaintiff.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally in an amount in excess of the arbitration limits, as well as punitive damages, attorney's fees and costs of suit, and any other relief as the Court deems just and equitable.

**WAPNER NEWMAN**

BY: /s/ SAMUEL A. ANYAN, JR.

**SAMUEL A. ANYAN, JR., ESQUIRE**
*Attorney for Plaintiff*

**VERIFICATION**

**The undersigned, having read the attached which was prepared by my attorneys, hereby verifies that the information contained therein may include information furnished to my attorneys by individuals other than myself; that the language used therein is that of my attorneys, and that to the extent the information set forth therein is not known to me I have relied upon my attorneys in taking this Verification. Subject to the above limitations the information contained therein is true and correct to the best of my information, knowledge and belief, subject to the penalties imposed by 18 Pa. C.S. §4904.**

Exhibit "B"

City of Philadelphia Law Department
MICHELLE V. BARONE, ESQUIRE
Assistant City Solicitor
Attorney Identification No. 318237
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5217
(215) 683-5397 (fax)
michelle.barone@phila.gov

Attorney for Defendant

| | | |
|---|---|---|
| **DARRELL LONG,** | : | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS** |
| **Plaintiff,** | : | |
| **v.** | : | **MAY TERM 2022** |
| | : | **No. 220502552** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

Date: June 25, 2022

*/s/ Michelle V. Barone*
Michelle V. Barone, Esquire

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DARRELL LONG,** **Civil Action**

**v.**

**CITY OF PHILADELPHIA,**
**et al.** **No.**

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( **X** )

| | | |
|---|---|---|
| June 25, 2022 | **Michelle V. Barone, Esq.** | **City of Philadelphia Defendant** |
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5217** | **(215) 683-5397** | **michelle.barone@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Darrell Long

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Samuel Anyan, 215-569-0900

**DEFENDANTS**

City of Philadelphia

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Michelle V. Barone, City of Phila. Law Dept., 1515 Arch Street, 14th Floor, Philadelphia, PA 19102; 215-683-5217

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. Section 1983

Brief description of cause:
Alleged violation of civil rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
Jun 25, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Darrell Long, 1334 South Wilton Street, Philadelphia, PA 19143

Address of Defendant: c/o Michelle V. Barone, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA

***RELATED CASE, IF ANY:***

Case Number: ______________ Judge: ______________ Date Terminated: ______________

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/25/2022 Must sign here ______________ 318237

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* ______________

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* ______________
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* ______________

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ______________, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ______________ Sign here if applicable ______________ ______________

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*